IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

JOSE ENRIQUE ARROYO HUDSON,       3:09-CV-1146-MA

       Plaintiff,                  OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

       Defendant.

DAVID B. LOWRY
9900 S.W. Greenburg Road, Ste 130
Portland, OR 97223
(503) 245-6309

       Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003
KATHRYN A. MILLER
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
(206) 615-2240

       Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge.

This matter is before the Court on plaintiff's Motion for Attorneys Fees (doc. 39) in the amount of $5,508.12 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).

The Commissioner opposes the motion, arguing that his position in both the administrative proceedings and this litigation was substantially justified. For the following reasons, the court disagrees.

## DISCUSSION

On July 18, 2011, this court issued an Opinion and Order remanding this case to the Commissioner to (1) further develop the medical record as to plaintiff's psychological impairments, and (2) obtain clarification from examining physician John H. Ellison, M.D. as to whether plaintiff's abdominal adhesions are a cause of plaintiff's alleged standing, walking, and sitting limitations.

Upon further development of the record, the court ordered the Commissioner to reevaluate whether plaintiff had the ability to engage in substantial gainful activity and, if so, what activity.

Under the Equal Access to Justice Act, a prevailing party is entitled to fees and costs incurred in "proceedings for judicial review of agency action, brought by or against the United States

2 - OPINION AND ORDER

. . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The court concludes the Commissioner was not substantially justified in finding plaintiff did not have severe psychological impairments without further developing the medical evidence in that regard. The Administrative Law Judge found plaintiff had psychological impairments related to anger, depression, and loss of focus, but rejected plaintiff's testimony as to the severity of his psychological impairments based on the lack of a treatment history related to those impairments. He also rejected the lay evidence of plaintiff's mother corroborating the existence of those impairments and plaintiff's resulting difficulty in paying attention or following instructions without giving any germane reason for doing so.

The court also concludes the ALJ was not substantially justified in effectively ignoring Dr. Ellison's medical findings without further clarification from the doctor regarding the basis for his opinion that plaintiff had standing, walking, and sitting limitations.

For each of these reasons, the court adheres to its ruling that plaintiff is entitled to an award of attorneys' fees under the EAJA.

3 - OPINION AND ORDER

The court, therefore, **GRANTS** plaintiff's Motion to Allow EAJA Fees and Expenses (doc. 39). The Commissioner, however, shall have ten (10) days from the date this Opinion and Order is entered either to stipulate to or file a motion challenging the reasonableness of the attorneys' fees amount sought by plaintiff.

IT IS SO ORDERED.

DATED this 29 day of December, 2011.

MALCOLM F. MARSH
United States District Judge

4 - OPINION AND ORDER